1807.

# Cutler *v.* Baker.

## In the Court below,

CALVIN BAKER, *Plaintiff* ; RICHARD CUTLER, WIL-
LIAM CUTLER, and RICHARD CUTLER, jun. merchants
in company under the firm of *Richard Cutler & Sons*, *De-
fendants*.

In a process
by foreign at-
tachment,
after judg-
ment against
the abscond-
ing debtor,
and a regular
demand with
the execution
upon the gar-
nishee, who
neglected to
expose ef-
fects, and
had become
laible to the
attaching
creditor, the
garnishee,
being threat-
ened with a
*scire facias*,
gave his note
to the attach-
ing creditor
for the a-
mount of the
effects in his
hands, with
a condition
annexed,
that the same
should be
given up, if

T HIS was an action of book-debt.

The defendants pleaded the general issue ; and on the tri-
al the defence was, that they had paid the debt to *Benjamin
I. Moore & Co.* on a process of foreign attachment.

It appeared, that on the 26th of October, 1804, *Moore
& Co.* commenced an action, by writ of attachment, against
*Baker*, describing him as an absent and absconding debtor,
and left copies with *Cutler & Sons* as his factors, &c. At
the March term of the County Court in 1805, they recovered
judgment against *Baker ;* and within sixty days afterwards,
a demand was regularly made upon *Cutler & Sons* of the
goods and effects of *Baker* in their hands, towards satisfying
the execution ; but none were exposed, and the execution
was returned unsatisfied. On the 11th of June following,
*Baker* commenced the present action against *Cutler & Sons*.
They being then liable to *Moore & Co.* and being threatened
by them with a *scire facias* on the judgment against *Baker*,
to avoid cost, gave a note in satisfaction of so much of the
execution as they owed *Baker*, but which was not indorsed
thereon, of the following tenor : " Value received, we pro-

the absconding debtor should recover such effects in a suit then
pending against the garnishee: Held that this was a sufficient payment to protect
the garnishee.

" mise to pay *Benjamin I. Moore & Co.* of New-York, *three*
" *hundred and forty-four dollars, and fifty-two cents,* with in-
" terest, whenever a certain suit in favour of *Calvin Baker*
" against us, now pending before the Superior Court for the
" County of New-Haven, shall be determined,—provided
" said suit shall be determined in our favour,—otherwise this
" note is to be given up to us.   City of New-Haven, March
" 26th, 1806.

*Richard Cutler & Sons.*"

Upon this evidence, the Court charged the jury, that the
law was so, that the defendants had not legally paid said debt
to *Moore & Co.* and were liable to pay the same to the plain-
tiff ; and directed the jury to find a verdict for the plaintiff
to recover of the defendants said debt and costs.   This be-
ing accordingly done, the defendants filed their bill of ex-
ceptions to the charge.

*Smith,* (of New-Haven,) and *Twining,* for the plaintiffs in
error.

It is admitted, that by *scire facias* sued out, at any time
within one year after the refusal of the plaintiffs in error
to pay, on *Moore & Co's.* execution, their debt to *Baker,
Moore & Co.* might have recovered of them, not out of
*Baker's* effects in their hands, but out of their own pro-
per estate, the amount of this debt, with interest, and
costs.   It is also admitted, that such recovery would have
been a valid defence against *Baker.*   From these admissions
it follows, that, at the time this payment was made to *Moore
& Co.* they were legally entitled to this money out of the pro-
perty of the *Cutlers ;* otherwise, *Moore & Co.* might have
sued for that, which, at the time of bringing their suit, they
were not entitled to have : And the *Cutlers* were, at the
same time, legally bound to pay this money ; otherwise,
right and obligation are not reciprocal ; and this payment is
a good defence for them.   If it be not, that which they
were legally obliged to do, which the law would compel

them to do, and which, being done by legal compulsion, would avail them for a defence, will not, being done voluntarily, avail to the same effect. And the doctrine, that this payment could be well made to *Moore & Co.* only through a *scire facias* and judgment against the *Cutlers*, subjects every garnishee, who may, even for the best reasons, refuse to deliver the property in his hands on demand of the creditor, to the costs of a *scire facias*, although convinced that the creditor is entitled to the property.

To a copy left with the agent of an absconding debtor, the statute gives, as to the property in such agent's hands, the precise effect of an attachment: and the garnishee is constituted the holder of the property, with the same obligation and responsibility, to both creditor and debtor, which belong to an officer when he attaches property. To neglect or refuse the delivery of the property, when demanded, to satisfy the copying creditor's execution, is a legal wrong in the garnishee, and would, if the statute had not provided a remedy, have given a right of action to the creditor. If, indeed, the statute had been silent with respect to a *scire facias*, the legality of this payment would not be questioned, and with what reason can the circumstance, that the statute has prescribed the manner, in which the creditor may obtain, from the garnishee, redress for the wrong done him by his refusal to expose his principal's effects, be construed to take away his right to redress, till he has merited it by taking upon himself, and giving to the garnishee, the trouble of a resort to a court of justice?

If it be granted, that this debt can be well paid to *Moore & Co.* without *scire facias* and judgment, it is well paid by the note, that has been given. The note, whatever it is, has extinguished of *Baker's* debt to *Moore & Co.* a sum equal to the debt due from the *Cutlers;* and for what consideration *Moore & Co.* as between them and the *Cutlers*, were induced to apply this sum as received from the *Cutlers*, to the reduction of *Baker's* debt does not affect *Baker.*

The process and judgment of law mentioned in the 6th paragraph of the statute relating to absent and absconding debtors, refers to the process and judgment against the absent and absconding debtor, and not to the *scire facias* and judgment against the garnishee.

*Daggett*, and *Bristol*, for the defendants in error.

The plaintiffs in error, have not so conducted, as to be entitled to the benefit of any payment, which they have made to *Moore & Co.* The process of *foreign attachment* in Connecticut, being founded entirely on *the statute*, the plaintiffs in error must conform strictly to its provisions, when they claim that the debt due to *Baker* has been taken from them, under the law in question. This principle is too clear *in itself*, to admit of illustration.

Have the plaintiffs paid the debt to *Moore & Co.* in conformity to the provisions of the statute under which it was attached?

It has been contended, by the counsel for the plaintiffs in error, that their neglect to pay the debt to *Moore & Co.* made them liable for the amount of the debt due *Baker*. It is true, such liability accrued, upon their refusal to pay the money when demanded by the sheriff on *Moore & Co.'s* execution : But it is equally true, that such liability, on general principles, cannot prevent *Baker* from pursuing the recovery of an honest debt ; nor could this *liability* be pleaded in bar to the original action in favour of the defendants against the plaintiffs in error. The *statute* has pointed out the *mode*, in which this *liability* shall be enforced, and rendered an effectual *bar* against *Baker's* claim ; and any deviation from this mode, will leave the plaintiffs in error without the protection furnished by the statute.

This is to be done, by praying out a *scire facias* against the *Cutlers* and pursuing it to final judgment. Then the gar-

502

nishee has the option, of turning out the property of the principal, or paying *the debt*, when demanded on the execution against the absconding debtor ; or to suffer a judgment against himself upon the *scire facias:* And as these are the only *modes* of withdrawing effects from a garnishee, mentioned in the statute, it is believed, that the parties are *not at liberty* to devise any other, which, in their opinion, will do more substantial justice.

But the 6th paragraph of the statute provides for the security of the garnishee against the original creditor, and prescribes under what circumstances a payment shall avail him in language too clear to be mistaken. It declares, " that the " goods or effects of any absent or absconding debtor, *taken* " *as aforesaid by process and judgment of law*, out of the " hands of his attorney, agent, &c. shall fully acquit and dis- " charge such attorney, agent, &c. from all and every action, " suit, trial, payment and demand whatsoever, that may be " brought, commenced, or made, by the principal, his exe- " cutors, or administrators, of or for the same."(a) The words, " *taken as aforesaid by process and judgment of law*," can refer to nothing except *the process*, by which the effects of an absconding debtor are demanded of the *garnishee*, by a proper officer ; or to the judgment against the garnishee on the *scire facias.* To consider money paid by a subsequent agreement between the factorizing creditor and garnishee, as being " taken by process and judgment of law" is an absurdity in language.

The *liability* of the garnishee may have been *incurred* by " *process of law ;*" but this does not satisfy the statute : For, to protect the garnishee, the goods or effects must not only be made *liable*, but " *taken*" out of the hands of the garnishee, by " process and judgment of law."

The legislature, also, designed in this process, to provide some *security* and furnish some *evidence*, that a debt thus

(a) *Stat.* 139, *edit.* 1796.

withdrawn from an absconding debtor has been applied for his benefit. If the money is paid by the garnishee when demanded on the execution against the absconding debtor, this *security* is acquired by the known responsibility of the officer authorized to receive it ; and ample evidence of the payment is furnished by the officer's indorsement on the execution, which is presumed to be returned to the Court from which it issued. A similar security is furnished by satisfying the judgment on the *scire facias.*

In the present case, not a cent has ever been indorsed as applied on *Moore & Co.'s* execution against *Baker.* Indeed, nothing has ever been, *at any time*, paid on this execution ; and should *Moore* pursue *Baker* for the whole amount of his original demand, and should the latter be fortunate enough to discover the private agreement between *Moore's* attorney and the *Cutlers*, it could not be admitted in a court of justice as evidence of any payment whatever—for the note was of a conditional nature, depending for its validity on the issue of the present trial ; and, until after this case is decided, it is totally uncertain, whether the note given by the *Cutlers* is of any validity.

BY THE COURT, C. GOODRICH, and HOSMER, *Assts.* dissenting,

The judgment was reversed.